CV 09 4423

HOFMANN & ASSOCIATES
*Attorneys for Plaintiff(s)*
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 1 5 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PAVLINA ILIEVA,

      Plaintiff(s),

 -against-

NORWEGIAN CRUISE LINE, (BAHAMAS)
LTD, STAR CRUISES LIMITED, OCEAN
DREAM, LTD., and the M/S NORWEGIAN
DREAM, *IN REM*,

      Defendant(s).
-----------------------------------------------------------x

GERSHON

GOLD, M.J.

COMPLAINT CIVIL
AND ADMIRALTY
IN REM and IN PERSONAM

Not a Class Action
Suit by Seaman Without
Prepayment of Costs Pursuant
To 28 U.S.C. §1916

**JURY TRIAL DEMANDED**

 Plaintiff PAVLINA ILIEVA claims of the defendants damages upon the following causes of action:

### FIRST CAUSE OF ACTION -NEGLIGENCE, JONES ACT NEGLIGENCE, AND UNSEAWORTHINESS

 1. Plaintiff PAVLINA ILIEVA at all relevant times herein is a seaman as that term has been interpreted under the laws of the United States, and in particular, under the Jones Act, 46 U.S.C. §30104 et seq.

 2. Defendant NORWEGIAN DREAM, LTD. is, and on November 1, 2006 was a foreign entity doing business within the state in which this District Court sits.

 3. Defendant STAR CRUISES LIMITED is, and on November 1, 2006 was a foreign entity doing business within the state in which this District Court sits.

 4. Defendant OCEAN DREAM, LTD. is, and on November 1, 2006 was a

1

foreign entity doing business within the state in which this District Court sits.

5. The jurisdiction of this Court over this First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 *et seq.*, the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6. On November 1, 2006, and at all times material hereto, the NORWEGIAN CRUISE LINE (BAHAMAS), LTD. owned the vessel NORWEGIAN DREAM (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

7. On November 1, 2006 and at all times material hereto, NORWEGIAN CRUISE LINE (BAHAMAS), LTD. possessed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

8. On November 1, 2006 and at all times material hereto, NORWEGIAN CRUISE LINE (BAHAMAS), LTD. managed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

9. On November 1, 2006 and at all times material hereto, NORWEGIAN CRUISE LINE (BAHAMAS), LTD. operated the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

10. On November 1, 2006, and at all times material hereto, NORWEGIAN CRUISE LINE (BAHAMAS), LTD. controlled the vessel and/or was the bareboat

charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

11. On November 1, 2006 the plaintiff was in the employ of NORWEGIAN CRUISE LINE (BAHAMAS), LTD, as a card dealer and member of the crew of the vessel, at the rate of pay and for the term set forth in her employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

12. On November 1, 2006, and at all times material hereto, the defendant STAR CRUISES LIMITED owned the vessel NORWEGIAN DREAM (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

13. On November 1, 2006 and at all times material hereto, STAR CRUISES LIMITED possessed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

14. On November 1, 2006 and at all times material hereto, STAR CRUISES LIMITED managed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

15. On November 1, 2006 and at all times material hereto, STAR CRUISES LIMITED operated the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

16. On November 1, 2006, and at all times material hereto, STAR CRUISES LIMITED controlled the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

17. On November 1, 2006 the plaintiff was in the employ of STAR CRUISES LIMITED as a card dealer and a member of the crew of the vessel, at the rate of pay and for the term set forth in her employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

18. On November 1, 2006, and at all times material hereto, defendant OCEAN DREAM, LTD. owned the vessel NORWEGIAN DREAM (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

19. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. possessed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

20. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. managed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

21. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. operated the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

22. On November 1, 2006 , and at all times material hereto, OCEAN DREAM, LTD. controlled the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

23. On November 1, 2006 the plaintiff was in the employ of OCEAN DREAM, LTD. as a card dealer and a member of the crew of the vessel, at the rate of pay and for the term set forth in her employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

24. On November 1, 2006 while the vessel was in navigable waters, plaintiff, in the course of her employment, pursuant to orders and while in the performance of her duties, because of the unsafe and unseaworthy condition of the vessel, and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder.

25. On November 1, 2006 plaintiff, in the course of her employment, and

18. On November 1, 2006, and at all times material hereto, defendant OCEAN DREAM, LTD. owned the vessel NORWEGIAN DREAM (hereinafter, "the vessel") and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

19. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. possessed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

20. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. managed the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

21. On November 1, 2006 and at all times material hereto, OCEAN DREAM, LTD. operated the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

22. On November 1, 2006, and at all times material hereto, OCEAN DREAM, LTD. controlled the vessel and/or was the bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

23. On November 1, 2006 the plaintiff was in the employ of OCEAN DREAM, LTD. as a card dealer and a member of the crew of the vessel, at the rate of pay and for the term set forth in her employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

24. On November 1, 2006 while the vessel was in navigable waters, plaintiff, in the course of her employment, pursuant to orders and while in the performance of her duties, because of the unsafe and unseaworthy condition of the vessel, and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder.

25. On November 1, 2006 plaintiff, in the course of her employment, and

with the consent and knowledge of each of the defendants, was performing labors in the furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to sustain the serious injuries more specifically set forth hereunder.

26. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

27. Plaintiff's injuries were caused by the negligence of the defendants, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

28. Solely by reason of the negligence of the defendants and the unseaworthiness of the vessel, as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely bruised, torn, wrenched, sprained, and otherwise injured; she sustained an injury to her right upper extremity, including her right thumb, hand and wrist, diagnosed as stenotic chronic tenosynovitis affecting the right thumb, hand and wrist, which has required surgeries to repair; she sustained internal injuries, and severe injury and shock to her nerves and nervous system; she has in the past required and will in the future require medical treatment, care and attention; she has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; she has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; she has in the past been, presently is, and will in the future, continue to be disabled from performing her usual duties, occupations and avocations; and she has in the past, and will in the future, suffer a loss of earnings. Plaintiff continues to suffer from post-traumatic pain syndrome and functional impairment of her right thumb, hand and wrist and the surrounding areas, nerves, blood vessels, capillaries and the musculoskeletal system of the right upper extremity.

5

29. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

30. By reason of the foregoing plaintiff was unable to pursue her ordinary course of employment and claims lost wages for the period of time she was unable to fully continue her employ.

## SECOND CAUSE OF ACTION-MAINTENANCE & CURE

31. Plaintiff repeats and re-alleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

32. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

33. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid and/or unprovided.

34. Plaintiff, by virtue of her service upon the said vessel, claims maintenance, cure and wages and, if warranted, attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

35. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York  
October 14, 2009

HOFMANN & ASSOCIATES  
*Attorneys for Plaintiff*

By: *Elizabeth Blair Starkey*  
Elizabeth Blair Starkey (ES 2809)  
360 West 31st Street, Suite 1506  
New York, NY 10001-2727  
Tel: (212) 465-8840